IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Quincy Maurice Nash, | ) | C/A No. 8:13-cv-02019-RMG-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Leroy Cartledge, Warden of McCormick | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on cross motions for summary judgment. [Docs. 17, 25.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 19, 2013.[1] [Doc. 1.] On October 7, 2013, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 16, 17.] On October 8, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 18.] On October 31, 2013, Petitioner filed a response in opposition and a motion for summary judgment. [Docs. 24, 25.] Respondent filed a

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on July 19, 2013. [Doc. 1-1 at 2 (envelope stamped as received by the prison mail room on July 19, 2013).]

response in opposition to Petitioner's motion for summary judgment on November 18, 2013 [Doc. 30], and Petitioner filed a reply on December 20, 2013 [Doc. 35].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted, Petitioner's motion for summary judgment be denied, and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at McCormick Correctional Institution pursuant to orders of commitment of the Spartanburg County Clerk of Court. [Doc. 1.] In May 2006, Petitioner was indicted for possession with intent to distribute crack cocaine within one-half mile of a school, possession with intent to distribute cocaine base and/or crack cocaine, possession with intent to distribute cocaine, and possession with intent to distribute cocaine within one-half mile of a school. [Doc. 16-4.] On June 14, 2007, represented by Ricky Harris ("Harris"), Petitioner proceeded to a jury trial. [App. 1–340.[2]] Petitioner was found guilty as indicted on all charges. [App. 332–33] On the same day, Petitioner was sentenced to ten years imprisonment on the possession with intent to distribute crack cocaine within one-half mile of a school charge; twenty-five years imprisonment on the possession with intent to distribute cocaine base and/or crack cocaine charge; twenty-five years imprisonment on the possession with intent to distribute cocaine charge; and ten years imprisonment on the possession with intent to distribute cocaine within one-half mile of a school charge, all sentences to run concurrent. [App. 338–39.]

---

[2]The Appendix can be found at Docket Entry Numbers 16-1 through 16-3.

2

**Direct Appeal**

Petitioner timely filed a notice of appeal.  [Doc. 16-5.]  On April 1, 2009, Elizabeth

A. Franklin-Best of the South Carolina Commission on Indigent Defense filed a final brief

on Petitioner's behalf.  [App. 341–57.]  The brief raised the following issues:

1.    The trial judge erred when he upheld the magistrate's finding that the no-knock warrant was justified.

2.    Using a tactical neutralization team to arrest Quincy Nash was unreasonable under both Federal and State Constitutions.

[App. 344.] On July 8, 2009, the South Carolina Court of Appeals filed an unpublished per

curiam opinion affirming the conviction.  [App. 379–80.]  Remittitur was issued on July 24,

2009.  [App. 381.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR")

on September 8, 2009.  [App. 382–450.]  Petitioner alleged he was being held in custody

unlawfully based on the following grounds, quoted substantially verbatim:

(a)    Ineffective Assistance of Counsel

1.    Trial counsel failed to object and move for a mistrial due to solicitor's improper comments during opening statements.

2.    Trial counsel failed to properly argue whe[]ther a complete chain[] of custody was established.

3.    Trial counsel failed to argue for a ruling on whe[]ther applicant had constructive possession of tan rock-like substance found in adjacent yard.

3

4.    Trial counsel failed to cross-examine prosecution['s] chief witness in suppression hearing.

5.    Trial court erred in upholding the magistrate's finding that there was probable cause to issue the "no knock" search warrant.

(b)    Judicial Misconduct

[*Id.*] The State filed a return on March 25, 2010. [App. 456–60.] Petitioner, represented by Sherry L. Boswell ("Boswell"), filed an amended PCR application on May 27, 2010, incorporating the grounds contained in his original PCR application and also alleging the following grounds, quoted substantially verbatim:

• Trial counsel failed to object and preserve for appeal the issue of unreasonableness of use of tactical team in the execution of the search warrant.

• Trial counsel failed to request jury charge relating to credibility of evidence collected in a chain of custody pursuant to State v. Carter, 544 S.E.2d 835 (2001) insofar as the forms in the chain of custody indicated multiple persons who might have handled evidence and called into question who had it and what was done between the taking and the analysis.

• Trial counsel failed to challenge the hearsay evidence submitted during the pretrial hearing on the search warrant's validity or cross-examine witnesses on what transpired in front of the magistrate issuing said warrant.

[App. 451–55.]

An evidentiary hearing was held on May 28, 2010, at which Petitioner was represented by Boswell. [App. 461–511.] On July 28, 2010, the PCR court issued an order denying and dismissing the PCR application with prejudice. [App. 512–18.]

4

A notice of appeal was timely filed. [Doc. 16-6.] On January 4, 2011, Robert M. Pachak ("Pachak") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson* petition[3] for writ of certiorari in the South Carolina Supreme Court. [Doc. 16-7.] The petition asserted the following as the sole issue presented:

> Whether trial counsel was ineffective in failing to preserve for appellate review the issue of using a tactical neutralization team to arrest petitioner?

[*Id.* at 3.] At the same time he filed the *Johnson* petition, Pachak submitted a petition to be relieved as counsel. [*Id.* at 7.] Petitioner filed a pro se petition raising the following issues, quoted substantially verbatim:

> (1)  Trial counsel failed to give contemp[orane]ous objection as to preserve for appeal the issues regarding the chain of custody.
>
> (2)  Trial counsel failed to cross-examine the prosecution's key witnesses in Petitioner's pre-trial hearing on whe[]ther there was probable cause to issue a search warrant in this instant case.

[Doc. 16-10.] On January 13, 2012, the South Carolina Supreme Court transferred Petitioner's PCR appeal to the South Carolina Court of Appeals. [Doc. 16-11.] On August 23, 2012, Petitioner filed an amendment to his pro se petition, raising the following issue, quoted substantially verbatim:

> 1.  Trial counsel failed to question and challenge the authorization and validity of the electronic surveil[l]ance conducted against Petitioner by Spartanburg Public Safety.

---

[3]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

5

[Doc. 16-12.]  The court denied the petition and granted counsel's request to withdraw on June 5, 2013 [Doc. 16-13] and remitted the matter to the lower court on June 21, 2013 [Doc. 16-14].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on July 19, 2013.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**   Trial court judge erred when he upheld magistrate's findings that no-[k]nock warrant was justified.
>
> *Supporting facts*:   Officers executed a no-knock search warrant at Petitioner's address . . . .  There were no drugs found in the house but some were found in Petitioner's pocket. There was no surveillance conducted on the house prior to the no-knock entrance.  No facts were provided to magistrate to justify such an intrusion and neither the magistrate or the trial judge considered South Carolina's heigh[t]ened privacy protections in finding the warrant justified.  Officers did not provide enough information to magistrate to justify no-knock provisions.
>
> **GROUND TWO:**   Using a tactical neutralization team to arrest Petitioner was unreasonable under both State and Federal Constitutions.
>
> *Supporting facts*:   Using a tactical team to arrest garden-variety drug dealer was unreasonable under the 4th Amendment and Article I, Sec. 10 of the South Carolina Constitution. No reference within the search warrant indicating that "SWAT team style raid" would be used.  Petitioner was home alone in the daylight hours and no drugs were found in home with less than 4 grams found on Petitioner.  Use of force must be judged from the perspective of a reasonable officer on scene rather than with the 20/20 vision of hindsight.
>
> **GROUND THREE:**  Ineffective assistance of trial counsel.

6

*Supporting facts*:    Trial counsel did not properly argue on validity of chain of custody or the constructive possession of drugs found in adjacent yard. Counsel also failed to cross-examine prosecutions key witnesses in suppression hearing nor did trial counsel object to solicitors improper comments during opening statements. Counsel also failed to object and preserve for appeal the issue of unreasonableness of us of tactical team in the execution of search warrant.

**GROUND FOUR:**    Judicial Misconduct.

*Supporting facts*:    Trial judge erred in upholding the magistrate's findings that there was probable cause to issue the "no-knock" search warrant.

[Doc. 1.] As stated, on October 7, 2013, Respondent filed a motion for summary judgment. [Doc. 17.] On October 31, 2013, Petitioner filed a response in opposition and a motion for summary judgment. [Docs. 24, 25.] Respondent filed a response in opposition to Petitioner's motion for summary judgment on November 18, 2013 [Doc. 30], and Petitioner filed a reply on December 20, 2013 [Doc. 35]. Accordingly, both motions are ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court

can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this

8

standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> ***Generally***

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

>  (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)    (I) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

---

at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477

14

U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However,

15

if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

In his reply, Petitioner concedes that some of his grounds are procedurally barred in this Court; therefore, Petitioner has abandoned some of his grounds and "is advancing only three claims of ineffective assistance of counsel"—(1) for not arguing against the constructive possession of drugs found in the adjacent yard; (2) for failing to cross-examine the prosecution's key witnesses in a suppression hearing; and (3) for not objecting to the solicitor's comments during opening statements. [Doc. 35 at 2.] Accordingly, the Court considers all other grounds to be abandoned by Plaintiff and will address only these three claims of ineffective assistance of counsel.

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A

16

> state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts
> that are materially indistinguishable from a decision of this
> Court and nevertheless arrives at a result different from our
> precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of

Supreme Court precedent when the decision "correctly identifies the governing legal rule

but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see*

*also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what

arguments or theories supported or, as here, could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that

those arguments or theories are inconsistent with the holding in a prior decision of this

Court. . . . It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to

or an unreasonable application of Supreme Court precedent unless applicable Supreme

Court precedent exists; without applicable Supreme Court precedent, there is no habeas

relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart*

*v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597

(7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

**Ineffective Assistance for Not Arguing Against the Constructive Possession of Drugs**

Petitioner argues Harris was ineffective for failing to properly argue about the

constructive possession of drugs found in the adjacent yard. [Docs. 1 at 8; 35 at 2.]

17

Respondent argues there is no merit to this claim. [Doc. 16 at 25–28.] The Court agrees with Respondent.[5]

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[6] *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough*

---

[5]The Court notes that this ground appears to be procedurally barred because it was not raised in the PCR appeal, in either the *Johnson* petition, the pro se petition, or the amendment to the pro se petition. [Docs. 16-7, 16-10, 16-12.] However, the Court will address the merits of this argument because procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).

[6]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

*v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court evaluated Harris's performance under the standard set forth in *Strickland*. [App. 516–17.] The PCR court found,

> This Court finds that as to allegations of ineffective assistance of counsel, although Applicant's PCR Counsel was very thorough in examining Trial Counsel, Trial Counsel was believable and knowledgeable. If a commando style raid (tactical means) in serving or carrying out a no-knock search warrant and subsequent arrest is unconstitutional, then an error was made by trial counsel and prejudice, as shown by the Court of Appeals' dismissal for failure of issue preservation, has been established. However, as testified to by Trial Counsel, such is not the law. Any other errors made by Counsel, if any, were harmless to the result of the trial. This Court finds that Counsel seemed very well prepared for trial and again, knowledgeable of both the facts and the applicable law. Counsel made numerous motions and although ultimately unsuccessfully, argued extensively in support of each of the motions.

> Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test – that plea counsel[7] failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.

> This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> – that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render

---

[7]The Court notes this reference to plea counsel must be a scrivener's error because, as stated, Petitioner proceeded to a jury trial on each of the indictments.

19

reasonably effective assistance.     See <u>Frasier</u> *supra*.
Therefore, this allegation is denied.

[*Id.* (footnote added)]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*.  Sergeant James H. Sutton testified at trial that after he saw Petitioner hit the ground after jumping through a window, he observed Petitioner throw an "off-white, rock-like substance" into the air and that the substance traveled ten to fifteen feet.  [App. 154.]  Although Petitioner is correct that Investigator Jeffrey Glenn Grant testified that he did not see Petitioner throw anything, Investigator Grant also stated, "With all the glass flying and him coming through the window, I didn't see him throw anything, no, ma'am." [App. 171.] Therefore, Petitioner has not established that the PCR court's decision, finding that "[a]ny other errors made by Counsel, if any, were harmless to the result of the trial," was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief on this ground.  Accordingly, Respondent's motion for summary judgment should be granted with respect to this ground.

**Ineffective Assistance for Failing to Cross-Examine Prosecution's Key Witnesses In Suppression Hearing**

Petitioner argues Harris was ineffective for failing to cross-examine the prosecution's key witnesses in a suppression hearing. [Docs. 1 at 8; 35 at 2.] Respondent argues there is no merit to this claim. [Doc. 16 at 28–29.] The Court agrees with Respondent.

As stated, the PCR court evaluated Harris's performance under the standard set forth in *Strickland*. [App. 516–17.] The PCR court found,

> This Court finds that as to allegations of ineffective assistance of counsel, although Applicant's PCR Counsel was very thorough in examining Trial Counsel, Trial Counsel was believable and knowledgeable. If a commando style raid (tactical means) in serving or carrying out a no-knock search warrant and subsequent arrest is unconstitutional, then an error was made by trial counsel and prejudice, as shown by the Court of Appeals' dismissal for failure of issue preservation, has been established. However, as testified to by Trial Counsel, such is not the law. Any other errors made by Counsel, if any, were harmless to the result of the trial. This Court finds that Counsel seemed very well prepared for trial and again, knowledgeable of both the facts and the applicable law. Counsel made numerous motions and although ultimately unsuccessfully, argued extensively in support of each of the motions.

> Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test – that plea counsel[8] failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.

> This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> – that he was prejudiced by trial counsel's performance. This Court concludes the Applicant

---

[8]The Court notes this reference to plea counsel must be a scrivener's error because, as stated, Petitioner proceeded to a jury trial on each of the indictments.

> has not met his burden of proving counsel failed to render reasonably effective assistance.    See Frasier *supra*. Therefore, this allegation is denied.

[*Id.* (footnote added)]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.   Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*.  Harris testified at the PCR hearing that while he could not recall the specifics of his reasoning, he did not cross-examine the two witnesses because he thought it was appropriate under the circumstances. [App. 481–82.] He further noted that if he "didn't cross-examine a witness, it was only because [he] didn't feel like there was anything to be gained from it."  [App. 505.]  Petitioner failed to present the testimony of either Judge Pasley or Investigator Williams, the two witnesses Petitioner asserts Harris should have cross-examined in the suppression hearing, to demonstrate how they would have responded to any questions Petitioner asserts Harris should have asked.  Therefore, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief on this

ground.  Accordingly, Respondent's motion for summary judgment should be granted with respect to this ground.

**Ineffective Assistance for Not Objecting to Solicitor's Improper Comments During Opening Statements**

Petitioner argues Harris was ineffective for failing to object to the solicitor's improper comments during opening statements.  [Docs. 1 at 8; 35 at 2.]  Respondent argues there is no merit to this claim.  [Doc. 16 at 30–32.]  The Court agrees with Respondent.[9]

As stated, the PCR court evaluated Harris's performance under the standard set forth in *Strickland*.  [App. 516–17.]  The PCR court found,

> This Court finds that as to allegations of ineffective assistance of counsel, although Applicant's PCR Counsel was very thorough in examining Trial Counsel, Trial Counsel was believable and knowledgeable.  If a commando style raid (tactical means) in serving or carrying out a no-knock search warrant and subsequent arrest is unconstitutional, then an error was made by trial counsel and prejudice, as shown by the Court of Appeals' dismissal for failure of issue preservation, has been established.  However, as testified to by Trial Counsel, such is not the law.  Any other errors made by Counsel, if any, were harmless to the result of the trial.  This Court finds that Counsel seemed very well prepared for trial and again, knowledgeable of both the facts and the applicable law.  Counsel made numerous motions and although ultimately unsuccessfully, argued extensively in support of each of the motions.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test – that plea counsel[10]

---

[9]The Court notes that this ground appears to be procedurally barred because it was not raised in the PCR appeal, in either the *Johnson* petition, the pro se petition, or the amendment to the pro se petition.  [Docs. 16-7, 16-10, 16-12.]  However, the Court will address the merits of this argument because procedural default is an affirmative defense that is waived if not raised by respondents.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).

[10]The Court notes this reference to plea counsel must be a scrivener's error because, as stated, Petitioner proceeded to a jury trial on each of the indictments.

failed to render reasonably effective assistance under prevailing professional norms.  The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> – that he was prejudiced by trial counsel's performance.  This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance.  See <u>Frasier</u> *supra*.  Therefore, this allegation is denied.

[*Id.* (footnote added)]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.   Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*.  Harris testified at the PCR hearing that he did not object during the opening statement because he did not see anything objectionable and also that the trial judge has usually already instructed the jury that what is said during opening statements is not evidence. [App. 487–88.]  A review of the trial transcript reveals that the jury was indeed instructed that the opening statements by attorneys are not evidence.  [App. 112.]  Moreover, the solicitor explained that she was going to have to produce evidence to show her facts to the jury and explained who the jury

would hear from to support her factual statements. [App. 117–18.] Therefore, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief on this ground. Accordingly, Respondent's motion for summary judgment should be granted with respect to this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED; Petitioner's motion for summary judgment be DENIED; and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 22, 2014
Greenville, South Carolina

25