IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quincy Maurice Nash, | No. 8:13-cv-02019-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Leroy Cartledge, *Warden McCormick Correctional Institution*, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 36), recommending that Respondent's Motion for Summary Judgment be granted and Petitioner's Motion for Summary Judgment be denied. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DENIES** Petitioner's Motion for Summary Judgment.

## I. Background

On June 14, 2007, a jury convicted Petitioner of possession with the intent to distribute cocaine, possession with intent to distribute crack cocaine, possession with intent to distribute cocaine within one-half mile of a park/school, and possession with intent to distribute crack cocaine within one-half mile of a park/school. (Dkt. No. 16-2 at 82-83). Petitioner was sentenced to 25 years, 25 years, 10 years and 10 years imprisonment, respectively, for the four convictions, all sentences to run concurrently. (*Id.* at 88-89).

Petitioner appealed his conviction, claiming that the trial judge erred in upholding the no-knock warrant used in the case and that using a tactical neutralization team to arrest Petitioner was unreasonable under the federal and state constitutions. (Dkt. No. 16-2 at 94). On July 8,

2009, the South Carolina Court of Appeals affirmed the conviction. (*Id.* at 129-30). Petitioner then filed an application for post-conviction relief (PCR), raising various ineffective assistance of trial counsel claims, a claim of judicial misconduct, and a claim that the trial judge erred in upholding the no-knock warrant used in the case. (*Id.* at 132-139, 201-205). On July 28, 2010, the PCR court dismissed Petitioner's application in its entirety. (Dkt. No. 16-3 at 14-20).

Petitioner appealed the PCR court's ruling and raised various ineffective assistance of counsel claims in his petition for writ of certiorari. (Dkt. Nos. 16-7, 16-10). The South Carolina Court of Appeals denied the petition on June 5, 2013, and remittitur was issued on July 21, 2013. (Dkt. Nos. 16-13, 16-14).

Petitioner filed this Petition for Writ of Habeas Corpus on August 7, 2013, raising the following grounds for relief:

> **Ground One**: Trial Court Judge erred when he upheld Magistrate's findings that no-[k]nock warrant was justified.
>
> **Ground Two**: Using a tactical neutralization team to arrest petitioner was unreasonable under both state and federal Constitutions.
>
> **Ground Three**: Ineffective Assistance of trial counsel
>
> **Ground Four**: Judicial Misconduct

(Dkt. No. 1 at 5, 6, 8, 10). In briefing before the Magistrate Judge, Petitioner conceded that some of these grounds for relief were procedurally barred. (Dkt. No. 35 at 2). Thus, Petitioner chose to advance three claims of ineffective assistance of counsel and "voluntarily abandon[ed] all of his other claims." (*Id.*). The Magistrate Judge found all other grounds abandoned by Petitioner, (Dkt. No. 36 at 16), and Petitioner did not object to this finding. (*See* Dkt. No. 42). The Court agrees that Petitioner has abandoned all grounds for relief except for the three ineffective

-2-

assistance of counsel claims listed in Petitioner's reply. (*See* Dkt. No. 35 at 2). The grounds for relief still before the Court are:

> **Ground Three (a)**: Ineffective assistance of counsel for not arguing against the constructive possession of drugs found in the adjacent yard [being attributed to Petitioner]
>
> **Ground Three (b)**: Ineffective assistance of counsel for failing to cross-examine prosecution's key witnesses in suppression hearing; and
>
> **Ground Three (c)**: Ineffective assistance of counsel for not objecting to solicitor's improper comments during opening statements.

(Dkt. No. 35 at 2). The Magistrate Judge found that the state court's rulings on these issues were not contrary to or an unreasonable application of Supreme Court precedent, and, therefore, Petitioner was not entitled to habeas relief. (Dkt. No. 36 at 17-25). Petitioner agrees that the state court rulings were not contrary to Supreme Court precedent because the state court applied *Strickland* but objects that the state court unreasonably applied *Strickland* to the facts of Petitioner's claims. (Dkt. No. 42).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made.

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### C. Habeas Review of Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id.*

### III. Discussion

#### A. Failure to Argue Against the Constructive Possession of Drugs

Petitioner argues that his counsel "should have objected to the constructive or actual possession of the crack found in the adjacent yard being attributed to Petitioner." (Dkt. No. 42 at 8). At trial, Officer Sutton testified that

> At the same time I'm looking out, I'm a little bit above Mr. Nash. And when he hits the ground, he comes up and he basically throws off-white rock-like substances into the air and it traveled, I would say, approximately 10 to 15 feet in front of him. And I believe somebody mentioned it was–went I think into an adjacent yard, or something like that. But all I did was yell out to narcotics that he threw it and pointed to where it was.

(Dkt. No. 16-1 at 156-57).

Officer Grant was on the ground outside when Petitioner came through the window. When asked whether he saw Petitioner throw anything, Officer Grant testified:

> No, ma'am I did not. With all the glass flying and him coming through the window, I didn't see him throw anything, no, ma'am.

(Dkt. No. 16-1 at 173). Petitioner states that, based on this testimony, his trial counsel should have argued in his motion for judgment of acquittal and during closing arguments that the crack in the adjacent yard was not Petitioner's. (Dkt. No. 42 at 7).

Petitioner's trial counsel did make the following statements in his closing argument:

> You got to be pretty close to somebody to tackle them, and didn't see any–I believe that was Officer Grant. Didn't see any throwing of anything. . . . but Investigator Sutton somehow miraculously can see things that other people can't see. . . . So nobody but Mr. Sutton saw this throwing of these objects.
> . . .
> But he–if I were going to fly through a window and if I were going to attempt to rid myself of illegal substances by throwing them, why didn't he throw the cocaine? Right? Why didn't he throw the cocaine? If he was trying to get rid of drugs that he had on his person, why didn't he throw the marijuana? Maybe he didn't have crack on him.

(Dkt. No. 16-2 at 48-49, 51-52).

Petitioner raised this claim for ineffective assistance of trial counsel in the PCR proceeding, and the PCR court considered it. (Dkt. No. 16-3 at 15). At the PCR hearing, trial counsel testified that

> at least I tried to make an issue, about whether he had possession of drugs that were alleged to have been, to have been found in the yard or in an adjacent area of the yard. . . . But I remember trying to, trying to do the best we could to create reasonable doubt that that material that was found was his.

(Dkt. No. 16-2 at 223). The PCR court found trial counsel "believable and knowledgeable." (Dkt. No. 16-3 at 19). It also noted that

> Counsel testified that he would not present any argument unless he thought the argument might work; however, he did acknowledge that sometimes arguments backfire. However, Counsel testified that nothing stands out in the case as something that backfired and he believed there was enough to create reasonable doubt for the jury.

(*Id.* at 16). The PCR court found that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 19).

The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. The record–including the statements actually made by trial counsel in closing arguments and trial counsel's testimony at the PCR hearing–supports the PCR court's conclusion that trial counsel's rendered reasonably effective assistance under prevailing professional norms and that Petitioner was not prejudiced for failing to argue this point more forcefully. Because the PCR court's application of *Strickland* was reasonable, Respondent is entitled to summary judgment on this ground.

B. Failing to Cross-Examine Prosecution Witnesses at the Suppression Hearing

Petitioner argues that trial counsel was ineffective for failing to cross-examine Judge Pasley and Officer Williams at a suppression hearing. (Dkt. No. 42 at 11-14). The PCR court considered and addressed this issue. (*See* Dkt. No. 16-3 at 15). At the PCR hearing, trial counsel acknowledged that he did not cross-examine either witness. (*Id.* at 17). He testified that he "did what I thought was appropriate under the circumstances." (Dkt. No. 16-2 at 231-32). Trial counsel's focus was a facial attack on the affidavit used to the support the warrant, (*Id.* at 234; Dkt. No. 16-3 at 17), and, as the PCR court noted, he argued this motion extensively. (*See* DKt. No. 16-3 at 19; Dkt. No. 16-2 at 234). The PCR court found that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 19).

The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. There is certainly a "reasonable argument that counsel satisfied *Strickland'*s deferential standard." As Petitioner acknowledges, the prosecution only asked Judge Pasley two

-7-

questions, both regarding the general procedure for issuing a no-knock warrant. (*See* Dkt. No. 42 at 12). Especially given that Petitioner's argument was focused on a facial attack and that trial counsel vigorously argued the motion, the PCR court was not unreasonable in finding that trial counsel rendered reasonably effective assistance under prevailing norms or that Petitioner was not prejudiced by trial counsel's failure to cross-examine these witnesses. Therefore, habeas relief must be denied on this ground.

### C. Not Objecting to Solicitor's Improper Comments During Opening Statements

Petitioner claims that trial counsel erred by not objecting to the solicitor's opening statement when the statement was not "preceded by 'the State will attempt to prove'; or that 'the State intends to prove,'" but "presented the facts as if they had been established and told the jury that this is what occurred on November 8th of 2005." (Dkt. No. 42 at 14-15). The PCR court considered and addressed this issue. (*See* Dkt. No. 16-3 at 15).

The PCR Court noted that trial counsel "testified that he did not object to any statements made by the State during opening statements because he did not see anything objectionable and because the court instructed the jury that opening arguments are not to be considered evidence." (*Id.* at 17). The PCR court went on to find that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 19).

The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. As the Magistrate Judge noted, the jury was instructed that what was said during opening statements is not evidence, (Dkt. No. 16-1 at 114), and the solicitor did explain that she was "going to have to produce evidence to you" and explained who the jury would hear from to support her factual statements. (*Id.* at 120). Thus, the PCR court was not unreasonable in

finding Plaintiff had failed to prove either prong of *Strickland*, and summary judgment in favor of Respondent is appropriate.

### IV. Conclusion

For the reasons stated below, the Court **ADOPTS** the R & R (Dkt. No. 36). Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 17), **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 25), and dismisses the habeas petition with prejudice.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

August 2͞9͞, 2014
Charleston, South Carolina